# THE UNITED STATES DISTRICT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRADY MISNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:26-cv-00689-MHW SCS |
| v. | ) | Judge Michael H. Watson |
| | ) | Magistrate Judge S. Courter Shimeall |
| CARSHIELD d/b/a NRRM, LLC, | ) | |
| | ) | 12-PERSON JURY DEMAND |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

NRRM, LLC d/b/a CarShield moves this Court to dismiss Plaintiff Brady Misner's Class

Action Complaint and Demand for Jury Trial, and each claim, with prejudice for failure to state a

claim for relief under Federal Rule of Civil Procedure 12(b)(6). The grounds, exhibits incorporated

by reference and authority for this Motion are set forth in the following supporting Memorandum

of Points and Authorities.

Respectfully submitted,

*/s/ Manuel D. Cardona*
Manuel D. Cardona (0098079)
DICKINSON WRIGHT PLLC
180 East Broad Street, Suite 3400
Columbus, Ohio 43215
(614) 591-5468
mcardona@dickinson-wright.com

***Attorneys for Defendant Carshield d/b/a NRRM, LLC***

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Mr. Misner filed this Telephone Consumer Protection Act ("TCPA") action claiming he received multiple unwanted calls and text messages from CarShield. However, the facts tell a different story. Mr. Misner did everything he could to be contacted by CarShield. For the past three years, he has been filling out forms on CarShield's website where he provided his personal information including his phone number to receive a quote for a vehicle service contract. *See* Declaration attached hereto as Exhibit 1. Courts in the Sixth Circuit have held that a plaintiff's consent to be called is on its own, fatal to a TCPA claim.

Additionally, Mr. Misner misrepresents what transpired during the calls. And the good thing is that all calls are recorded so we do not have to take anyone's word for it. For instance, he did not reject an April 29, 2026 call. Instead, Mr. Misner took the call, spoke with a live human being, and <u>confirmed he completed a form on CarShield's website</u>. *See* a true and accurate copy of the Transcript and Phone Call Recordings between CarShield and Mr. Misner attached hereto as Exhibit 2.[1] The remaining recordings demonstrate each call was conducted by a live human being and that no prerecorded or artificial voice was used.

Additionally, Mr. Misner does not plead any facts suggesting he withdrew his consent to be called. Opting out of receiving further text messages alone does not withdraw consent for calls.

Because the Complaint is contradicted by the call recordings and consent forms, which can be considered by this Court in a motion to dismiss much like the actual written contract in a breach

---

[1] The transcripts were prepared by CarShield's counsel and attached hereto because the call recordings cannot be uploaded onto the ECF filing system. The call recordings are being delivered to the Court via U.S. certified mail for its consideration.

of contract action, Mr. Misner cannot plausibly allege a lack of consent or the use of a prerecorded or artificial voice. The Court should dismiss this frivolous Complaint under Rule 12(b)(6).

## II.   BACKGROUND

Mr. Misner is no stranger to TCPA lawsuits. *See Misner v. Empire Auto Protect, LLC*, Case No. 2:24-cv-01282 (asserting TCPA claims on a class wide basis). And for years, he has been trying to get CarShield to contact him.

Mr. Misner first completed an online form on CarShield's website, CarShield.com, on August 20, 2024:



| | |
|---|---|
| InsertedDate | 2024-08-20 10:29:34.000  GMT-05:00 |
| FullName | [NULL] |
| PhoneNumber | 3853839999 |
| Zip | 43209 |
| CustState | OH |
| EmailAddress | bradymisner2020@gmail.com |
| Year | 2017 |
| Make | Volkswagen |
| Model | Passat |
| Miles | 93000 |
| Promo | |
| HowYouHear | |
| IPAddress | 10.0.32.15:52586 |
| IPLocation | |
| RefURL | https://carshield.com/freequote/?utm_source=google& |
| LeadSource | CarShield Website |
| AssignedTo | [NULL] |
| Status | [NULL] |
| appNumber | 0007634105 |
| LastName | misner |

*Ex. 1*, Attach. 1-2, ¶¶ 6-9. On October 13, 2025, Mr. Misner clicked on a Facebook advertisement, which led him to CarShield.com where he completed the same form a second time *Id.* at ¶ 10.

Mr. Misner alleges he first received a call from CarShield on April 15, 2026, and told CarShield he was not interested. Complaint, Doc. 1, PAGEID #: 6, ¶¶ 25-27. However, CarShield's records reflect on April 29, 2026, Mr. Misner clicked on the following advertisement email sent to his Benefit Hub account:

3



| PhoneNumber | 3853839999 |
|---|---|
| Zip | 43209 |
| CustState | OH |
| EmailAddress | bradymisner2020@gmail.com |
| Year | 2017 |
| Make | Volkswagen |
| Model | Passat |
| Miles | 130000 |
| Promo | |
| HowYouHear | |
| IPAddress | 2600:1700:98d0:27c0:ac90:5f37:4f93:284e |
| IPLocation | |
| RefURL | ⧉ https://carshield.com/instantquote/?utm_adgroup=685513030 |
| LeadSource | CarShield Website |

4

*Ex. 1*, Attach. 3. Mr. Misner went on to complete a third online form on another CarShield website, CarShieldprotection.com, where he again provided his phone number and consented to being called:



| | |
|---|---|
| PhoneNumber | 6147017530 |
| Zip | 43209 |
| CustState | OH |
| EmailAddress | brady@misners.com |
| Year | 2017 |
| Make | VOLKSWAGEN |
| Model | PASSAT |
| Miles | 148000 |
| Promo | |
| HowYouHear | |
| IPAddress | 10.0.32.24:28743 |
| IPLocation | |
| RefURL | ☒ https://carshieldprotection.com/free-quote/?utm_source=th |
| LeadSource | CarShieldProtection.com |
| AssignedTo | [NULL] |
| Status | [NULL] |
| appNumber | 0009661184 |
| LastName | Misner |
| CampaignId | theirchoice |
| AdGroupId | BENEFITHUB |
| Keyword | theirchoice |
| TrafficSource | theirchoice |
| TrafficMedium | |
| SpanishLead | N |
| FirstName | Brady |
| FortePromoCode | CAR639 |
| RawDBID | 10,986,848 |
| CustCity | Bexley |
| CustAddress | |
| PostalCode | [NULL] |
| submitDate | 2026-04-29 GMT-05:00 |

*Id.*, Attach. 1 and 3. Mr. Misner claims he rejected a call from CarShield that same day. Complaint, Doc. 1, PAGEID #: 6, ¶ 28. The following exchange between the parties on April 29, 2026 reveals that is not true:

> Mr. Misner     00:03   Hello
>
> CarShield     00:04   Hey, Brady, this is Malcom calling on a recorded line with Carshield.  I am just contacting you regarding the information you requested on our site. And I need to verify a couple of details here with you.
>
> Mr. Misner     00:13   Okay
>
> CarShield     00:14   First, it looks like they have your zip code here as 43209.
>
> Mr. Misner     00:18   Yeah.
>
> CarShield     00:19 Right.  And you have about 148,000 on that?

6

Mr. Misner        00:25   Yeah.

CarShield        00:27   Great.  And is everything running okay for you?

Mr. Misner        00:29   Yeah.

CarShield        00:31   Right.  So no check engine lights or leaking fluids at all?

Mr. Misner        00:34   No.

CarShield        00:36   Perfect allowing us to verify.  One of our analysis, I am going to connect you with our specialist who is going to go into a little bit more detail.  Be one moment, okay?

End of Call

*Ex. 2*. On April 30, 2026, Mr. Misner also answered a call from CarShield. *Id.*; Complaint, Doc. 1, PAGEID #: 6, ¶ 28 (alleging he declined the call).  CarShield, through a live human being, called Mr. Misner again on May 27 and May 29, 2026.[2]

Mr. Misner never asked CarShield to stop calling him. Mr. Misner only ever opted out of receiving text messages from CarShield. Complaint, Doc. 1, PAGEID #: 6-7, ¶ 31 (replying STOP to CarShield's text message stating in part "Reply STOP to opt out of SMS" (short message service)).

### III.  LAW & ARGUMENT

A.    **This Court Can Consider the Data Reflecting Mr. Misner's Online Forms Consenting to Be Called As Well As The Recordings Of The Calls Between the Parties Because These Are Incorporated By Reference And Issues Central to Plaintiff's Claims**

To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic

---

[2] CarShield also called Mr. Misner on May 26 and May 28, 2026. Those calls went straight to voicemail. Ex. 1, Attach. 2.

7

dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party. *Zehala v. Am. Exp.*, No. 2:10-CV-848, 2011 WL 4484297, at \*5 (S.D. Ohio Sept. 26, 2011).

While some courts consider consent under the TCPA to be an affirmative defense, consent also can be reviewed in a motion to dismiss if it appears on the face of the Complaint.[3] For instance, the Eighth Circuit Court of Appeals in *Zean v. Fairview Health Servs.* made findings instructive to this issue:

> The TCPA statute provides that Fairview is not liable if it made the calls in question "with the prior express consent of the called party." Regardless of which party bears the ultimate burden of persuasion on the question of consent, Zean's Class Action Complaint would not have stated a facially plausible claim for TCPA relief without an allegation that Fairview did not have his "prior express consent" to make the calls. Moreover, even if a TCPA complaint lacking a no-consent allegation could survive a Rule 12(b)(6) motion to dismiss, Zean's Complaint in fact included that allegation.
>
> Thus, whether consent is an affirmative defense is irrelevant to the Rule 12(b)(6) inquiry under *Iqbal*. If an affirmative defense "is apparent on the face of the complaint ... [it] can provide the basis for dismissal under Rule 12(b)(6).

858 F.3d 520, 525 (8th Cir. 2017) (internal citations omitted); *Wills v. Optimum Outcomes, Inc.*, No. 1:13-CV-26-PMW, 2014 WL 1831014, at \*2 (D. Utah May 8, 2014) (finding it was proper for the district court to find consent under the TCPA when ruling on a motion to dismiss because it was apparent on the face of Plaintiff's complaint); *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12–cv–1459–Orl36KRS, 2013 U.S. Dist. LEXIS 181732, at \*16–17, 2013 WL 6865772 (M.D.Fla. Dec. 31, 2013).

---

[3] The Sixth Circuit Court of Appeals does not appear to have issued a decision on this exact issue yet.

Here, Mr. Misner makes consent apparent in his Complaint. Mr. Misner even goes into detail regarding some of the law concerning consent. Complaint, Doc. 1, PAGEID #: 4-5, ¶ 17. Most notably, he states that he did not consent to calls. *Id.* at PAGEID #: 10, ¶ 37. Consequently, this Court can consider evidence incorporated by reference related to consent including consent forms used to refute the plaintiff's allegations. *Zean* at *524, 528 (considering the questionnaire and consent form in a motion to dismiss a TCPA claim because they are embraced by the pleadings. Further explaining that consent forms can be used to refute allegations similar to a contract can be used to refute a breach of contract claim when it is not attached to the complaint).

Thus, as discussed in Section B below, CarShield attaches its data sheets showing the information that is obtained when a consumer *asks and consents* to be contacted by CarShield. *Cf, Smith v. Getmehealthcare, LLC*, No. 5:25-CV-568-SPC-PRL, 2026 WL 2089044, at *1 (M.D. Fla. July 21, 2026) (finding transcript of a call recording attached to a motion to dismiss could be considered by the court under the incorporation by reference doctrine because the call was central to the plaintiff's claims); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) (explaining that courts may consider documents "referred to in the pleadings" and "integral to the claims ... without converting a motion to dismiss into one for summary judgment").

Additionally, CarShield's recordings of the calls can be attached to this Motion and reviewed by this Court because Mr. Misner bases his TCPA claims on these supposed unsolicited calls. Complaint, Doc. 1, PAGEID #: 9-10, ¶¶ 25-33; *Smith*, at *1; *see also P.C. v. Enclarity, Inc.*, 962 F.3d 882, 890 (6th Cir. 2020) (finding it could consider the unsolicited fax at issue in a TCPA action without converting a motion to dismiss to a motion for summary judgment).

9

**B.      Mr. Misner's TCPA Claims Fail Because He Consented To Being Called, Never Revoked his Consent And CarShield Never Called Him With A Prerecorded Message**

Courts in the Sixth Circuit have found a TCPA claim must be dismissed where there is evidence the plaintiff consented to being called. *Madej v. Chase*, No. 1:21-CV-791, 2022 WL 1987364, at *3 (N.D. Ohio June 6, 2022) (finding the plaintiff's prior consent on its own, fatal to their TCPA claims and that the court need not examine the type of the technology the defendant used to call plaintiff); *Barton v. Credit One Fin.*, No. 16CV2652, 2018 WL 2012876, at *3-4 (N.D. Ohio Apr. 30, 2018) (dismissing a TCPA claim where the plaintiff consented to being called). The FCC stated in a 2008 declaratory ruling that, "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Zehala*, 2011 WL 4484297, at *5 *citing* 23 F.C.C.R. 559, 564.

Here, Plaintiff's TCPA claims fail because he expressly consented to being called by CarShield by completing not one, but three forms where he provided his phone number. *See* Ex. 1, Attach. 1-3. Even if Mr. Misner told CarShield on April 15, 2026, that he was not interested in its services; he nonetheless completed an online form on April 29, 2026 where he clicked on "Get Your Free Quote" and be doing so, consented to being called by CarShield. *Ex. 1*, Attach. 3 ("By clicking "Get Your Free Quote" you agree that CarShield may contact you at the number…provided with calls…"); *Barton*, 2018 WL 2012876, at *3 (explaining that one does not need to specifically provide his consent to automated calls, rather, "a party who gives an invitation or permission to be called at [a certain] number" has given "prior express consent" to be contacted.).

Mr. Misner never told CarShield to stop calling him in subsequent calls. Mr. Misner's text message stating "STOP" did not withdraw his consent to receive calls because he only opted out of receiving further text messages. Complaint, Doc. 1, PAGEID #: 9, ¶ 31.

Further, the actual call recordings demonstrate not only did Mr. Misner not contradict or disagree with CarShield's referencing his filling out a form, CarShield never utilized a pre-recorded message in its calls to Mr. Misner. A live human was present in each call where Mr. Misner accepted the call. *Ex. 2*. CarShield's other calls to Misner that went straight to voicemail neither reflect a pre-recorded message. *Id.*; *see also Madej*, 2022 WL 1987364, at *3 (explaining that the TCPA is only intended to stop telemarketers from making random, sequentially generated "robocalls" to consumers who do not wish to receive them).

Lastly, Mr. Misner does not allege CarShield called him using an automatic dialing system nor do the allegations suggest the use of an automatic dialing system. *Lord v. Kisling, Nestico & Redick, LLC*, No. 1:17-CV-01739, 2018 WL 3391941, at *3 (N.D. Ohio July 12, 2018) (granting a motion to dismiss a TCPA claim where the plaintiff failed to allege plausible facts that the defendant's system has the ability to store or produce telephone numbers using a random or sequential number generator.).

Consequently, Mr. Misner's TCPA claims (Counts I and II) are both subject to dismissal because the lack of a prerecorded message and express consent make clear he did not state TCPA claims upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, CarShield respectfully requests the Court dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

11

Respectfully submitted,


/s/ Manuel D. Cardona
Manuel D. Cardona (0098079)
DICKINSON WRIGHT PLLC
180 East Broad Street, Suite 3400
Columbus, Ohio 43215
(614) 591-5468
mcardona@dwlaw.com


Jeffrey H. Kass, No. 60672 (*pro hac vice
application forthcoming*)
1125 17th Street, Suite 550
Denver, CO 80202
Tel: (303) 723-8400
Fax: (844) 670-6009
Email: JKass@dickinson-wright.com

**Attorneys for Defendant Carshield d/b/a NRRM,
LLC**

## CERTIFICATE OF SERVICE

This document was served via the court's efiling system to all counsel of record on this the 14th day of August, 2026.

/s/ Manuel D. Cardona
Manuel D. Cardona (0098079)

4936-3431-2390 v1 [105444-93]

13